UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CASSANDRA GESKE**, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>        *v.*<br><br>**PNY TECHNOLOGIES, INC.,**<br><br>    Defendant. | No. 1:19-cv-5170<br><br>Judge Jenkins<br><br>Magistrate Judge Kim |
| **DJAKARTA JACOBS**, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>        *v.*<br><br>**PNY TECHNOLOGIES, INC.,**<br><br>    Defendant. | No. 1:21-cv-3354<br><br>Judge Jenkins<br><br>Magistrate Judge Kim |

**PLAINTIFFS' MOTION TO AMEND THE CASE SCHEDULE
AND FOR A DISCOVERY CONFERENCE**

Plaintiffs now ask the Court to extend the time for discovery, and to move the following

deadlines by a similar length of time. Plaintiffs also seek an in-person discovery conference.

An extension of time is warranted because discovery remains completely stalled, and

Plaintiffs' status report—in which the Court told the Plaintiffs to raise their discovery issues—

has been pending with the Court since May 26. The discovery deadline is drawing closer.

PNY has produced only a handful of pages of documents and has not answered a single

interrogatory or request for admission that is not hedged with objections. No depositions have

1

been taken in these cases. Although the Court entered a protective order at PNY's request, PNY has still not produced anything of significance. Most of the documents it has produced relate to publicly available information like competitors' retail prices or the battery capacity of various phones and tablets; there is no reason for this information to be confidential.

PNY has still not produced a list of its *own* products, or a single e-mail, marketing study, consumer complaint, or parts list. PNY's entire document production would fit in a very slim file folder.

PNY's other numerous stall tactics are documented in Plaintiffs' May 26 status report. On July 5, the Court noted that resolution of these discovery disputes was the way forward.

But discovery closes on September 1, and even if the Court were to rule on Plaintiffs' discovery status report today, it is unlikely that Plaintiffs would get meaningful responses—or deposition dates—from PNY in time to meet the current discovery deadline. Plaintiffs want to take a 30(b)(6) deposition, want to see PNY's e-mails, want to get testimony from PNY's decisionmakers, but—through no fault of their own—cannot do that by September 1.

Thus, although Plaintiffs are loathe to see this four-year-old case grow older, or to give PNY another delay, Plaintiffs now ask for more time after the Court rules on the pending disputes to have meaningful discovery.

## I.    Relevant history

*Geske* was filed on July 31, 2019—four years ago now. PNY was served on August 5, 2019, and its response was due August 26, 2019. (ECF 16.) PNY sought a 60-day extension to respond. (ECF 16.) Judge Guzman refused to grant that full amount and set PNY's response deadline at October 1, 2019. (ECF 18.)

This case was reassigned to Judge Seeger. PNY then sought—and received—another 14 days to respond. (ECF 22, 27, 29.) Thus, PNY has received two extensions, moving its response date from August 26 to October 15, giving it 71 days from service to file a motion to dismiss. PNY moved to dismiss *Geske* on October 15, 2019. (ECF 36.)

Geske timely served her discovery response as required by the Mandatory Initial Discovery Pilot program on November 13, 2019. PNY, however, refused to engage in discovery, taking the position that no discovery should be exchanged during the pendency of the motion to dismiss.

Judge Seeger did not rule on PNY's motion to dismiss for over thirteen months, on November 30, 2020. (ECF 58.) At that time, discovery was definitely ripe. However, PNY continued to refuse to engage in discovery, arguing that Judge Seeger had never formally opened the discovery period. And PNY's counsel made clear that PNY would continue to ignore discovery attempts until that order issued.

On February 3, 2022, after a year of waiting for the Court, Plaintiffs filed a motion asking the Court to "hold a conference, eliminate any doubt in PNY's mind, and order that the parties can and should proceed with this case." (ECF 66.) PNY responded with an inflammatory brief that, notably, did not refute Plaintiffs' contention: PNY had refused to even start discovery. (ECF 67.)

Judge Seeger did not rule on *this* motion until April 12, 2022. (ECF 68.) In his order, he ordered the parties to file a discovery schedule by April 18, 2022, which the parties did. (ECF 70.)

However, even though the parties had now *agreed in a filing* on a schedule for discovery, PNY continued to refuse to engage in discovery until Judge Seeger *adopted* that schedule.

3

On January 20, 2023, Judge Seeger finally entered a text order adopting the discovery schedule. (ECF 72.) He noted: "this Court took note of the agreement, but neglected to enter a scheduling order and formally adopt the proposed schedules."

Thus: **January 20, 2023** was the first day discovery was formally opened in an order. The next business day, Monday, **January 23, 2023**, Plaintiffs served their discovery requests on PNY.

In a followup order on January 30, 2023, Judge Seeger further wrote: "This Court read the proposed plan at the time, but did not take its usual step of entering a scheduling order (in all likelihood, this Court wanted to think it over, but then neglected to come back to it). That omission, candidly, was an oversight. This Court should have followed its normal practice of entering a scheduling order, to get the parties rolling." (ECF 75.) Judge Seeger also thanked the parties for *not* moving the Court to enter such an order: "There is a lot of wisdom in the saying that people in glass houses should not throw stones, so this Court will not critique the decision of counsel to sit tight while the issues were on this Court's plate. (This Court appreciates the instinct to avoid bothering the judge, which not all members of the bar share.)" (ECF 75.)

**The January 30, 2023, order is the operative one. It set a fact discovery close of September 1, 2023. (ECF 75.)**

The parties had a video call on February 15, 2023. The topics included Plaintiffs' request for information that could lead to settlement, and PNY's request for a protective order.

PNY served its discovery response on February 22, 2023. It is 73 pages of repetitive, boilerplate objections. (ECF 90-1 and 90-2.) PNY produced *no* documents at that time.

On February 23, 2023, the parties held another meet and confer call.

Judge Jenkins took over this case on February 27, 2023. (ECF 76.)

By 5pm on February 28, 2023, the day the joint status report was due, PNY had provided no draft of its half of a report or any comments on Plaintiffs' draft. So Plaintiffs filed their own report. (ECF 77.) In that report, Plaintiffs told the Court about PNY's obstructive non-response to their discovery, and asked: "Plaintiffs seek guidance on whether the Court would consider an in-person conference at which the parties can argue the discovery objections without formal briefing from both sides. Frequently, a sit-down, real-world meeting between counsel and a District Judge or Magistrate Judge proves more efficient and productive for all—including the Court—than dealing with the same matter in briefing."

On March 3, 2023, Judge Jenkins assigned discovery matters to Judge Kim. (ECF 79.)

Judge Kim set a schedule to confer on discovery. (ECF 81.) Judge Kim also ordered: "Finally, given that neither side has been diligent in their efforts to complete discovery, the court will not be inclined to extend the deadlines included herein or the deadlines the court set on January 30, 2023." (ECF 81.)

On March 9, 2023, the parties held another meet and confer call, this time on the subject of PNY's discovery responses. During the call, PNY stated that it had not even begun to search for certain key documents—such as the product catalog that would identify the names of the power banks PNY has made. (Plaintiffs still don't have anything like this from PNY.)

Also on April 26, 2023, the parties held a meet and confer call regarding PNY's settlement position and discovery responses.

On April 27, 2023, PNY made its first document production: just nine black and white pages of certain product exteriors.

On April 28, 2023, the parties held another meet and confer call. This did not resolve anything new.

Also on April 28, 2023, the nephew of Plaintiff's counsel, William Cash, suddenly died. The parties agreed to a short extension of the deadlines set by ECF 81, which the Court entered. (ECF 84, 85.)

On May 19, 2023, PNY e-mailed to say that: "Our position remains the same based on our previous correspondence and meet and confers." Plaintiffs agreed: "I can only speak for myself but my feeling is we have conferred sufficiently enough, and I think our next step probably is with the court—not y'all. I think both sides have laid out their positions in multiple calls."

The parties met the new deadlines by filing status reports on May 26, 2023. (ECF 90, 91.) In these status reports, both sides laid out their objections to the other side's discovery responses. Plaintiffs also wrote:

> "Because an in-person conversation often promotes cooperation, **Plaintiffs ask the Court to hold an in-person conference to discuss all parties' discovery issues.** The Plaintiffs can promise that they will be prepared and succinct in litigating all of these challenges. The Plaintiffs would like to leave that conference with marching orders to continue with discovery."

Two weeks later, on June 6, 2023, Judge Kim held a hearing on PNY's motion for a confidentiality order. At that hearing, PNY maintained that a confidentiality order was needed and was a reason PNY's written response has been so limited. Judge Kim entered an order.

Also at the June 6, 2023, hearing, Plaintiffs asked Judge Kim if a motion to compel—on the issues they raised in their May 26, 2023, status report—was necessary. Judge Kim stated that no such motion was necessary. Thus, the issues have been before the Court since May 26, 2023, and Plaintiffs have filed no affirmative motion directed at them. (Neither has PNY.)

On June 22, 2023, PNY amended its discovery responses, but not in any way that responds to any of the pending contentions between the parties.

On June 28, 2023, the parties had yet another meet-and-confer call in which PNY asked for a settlement demand and the Plaintiffs reiterated that they needed discovery responses before settlement could be evaluated.

Finally, on July 5, 2023, in response to PNY's motion for a settlement conference, Judge Kim ordered: "The best course---as this court sees it---is for it to resolve the pending discovery issues and order Plaintiff to serve a settlement demand on Defendant when appropriate." (ECF 96.)

## II. Argument

As Judge Seeger said twice in January 2023, the Court's not opening discovery was the product of "neglect" (ECF 72, 75) and an "oversight" (ECF 75) and an "omission" on the Court's part (ECF 75). And Judge Seeger thanked the parties for not "bothering the judge" about this oversight. (ECF 75.)

Judge Seeger finally opened discovery on a Friday, January 20, and Plaintiffs served their discovery the very next business day, Monday, January 23. Plaintiffs have been diligent in prosecuting discovery from day one.

Plaintiffs also have been diligent and persistent about following up on PNY's deficient responses. After getting PNY's response on February 22, 2023, the parties have held meet and confer calls on at least February 23, March 9, April 26, and April 28. The parties also had a call on June 28, in which PNY again asked Plaintiffs to make a settlement demand, and Plaintiffs told

PNY that amending even *any* of its deficient responses would move the needle. PNY has done nothing since.

All PNY does is seek delay. Delay started with the 71 days (50 more than the Rules allow) that PNY sought just to respond to the complaint. Delay continued throughout the pendency of the motion to dismiss (Oct. 2019–Nov. 2020) and the period after the motion to dismiss was denied until Judge Seeger opened discovery (Nov. 2020–Jan. 2023). Delay continued from February 22, 2023, when PNY served essentially a boilerplate placeholder, 73 pages of objections and 0 pages of responsive documents, until April 27, 2023, when PNY finally served just 9 pages. Delay continued from February 2023, when PNY was hiding behind the need for a protective order, and continued through June 2023, when the Court gave PNY that protective order, to today, where PNY still hasn't produced anything worthy of protection. Judge Seeger ultimately vindicated PNY's refusal to engage in discovery up to January 2023, but that does not excuse similar misconduct after discovery opened.

As the docket makes clear, PNY's focus has been on nothing but settlement—*e.g.*, ECF 95, its fruitless motion for a settlement conference. But it should be equally clear that the Plaintiffs cannot engage in meaningful settlement talks with barely a scrap of discovery to confirm or deny their allegations or PNY's defenses. (How could Plaintiffs present a motion for class certification and settlement approval on this record, telling the Court that they had done a fair investigation of the facts and believe in the fairness of the settlement? How could the Court grant such a motion?) Despite PNY's ideas, it is not Plaintiffs' job to bid against themselves by serving a settlement demand cold and having no idea of the universe of evidence. Parties are, in fact, not required to engage in settlement talks at all. Plaintiffs would be happy to settle this case on fair terms, but

they need facts and evidence. Till that happens, Plaintiffs are entitled to have discovery. PNY has not produced one e-mail message or Post-It note.

Plaintiffs acknowledge and respect Judge Kim's January 2023 order that "given that neither side has been diligent in their efforts to complete discovery, the court will not be inclined to extend the deadlines included herein or the deadlines the court set on January 30, 2023." (ECF 81.) However, we believe the record shows Plaintiffs *have* been diligent in the face of world-class obstruction by PNY.

And Plaintiffs timely filed their status report, on May 26, teeing up the discovery issues that need resolution.

It is now clear that the Court would need additional time to resolve those disputes and allow discovery to proceed, or else the parties will miss the September 1 deadline. Not wanting to receive another order like ECF 81 discussing Plaintiffs' diligence, we are filing this motion now seeking affirmative relief and flagging the upcoming deadline.

Plaintiffs seek the following:

- An in-person discovery conference at which the parties can argue and resolve the outstanding disputes. All relevant counsel are in Chicago and can come down to the courthouse any time. As with their February and May 2023 filings, Plaintiffs believe this is the best way to efficiently resolve the disputes—as well as potentially build settlement confidence. (ECF 77, 90.) A face-to-face conference would cut through the issues and get discovery moving.

- If a hearing or conference on the parties' pending disputes is not held, then Plaintiffs seek a meaningful written opportunity to respond to those matters raised in PNY's own status report (ECF 91) and its counter-response (ECF 94), which was served without leave. Plaintiffs have not responded in kind to either, because the Court did not give us leave to do so. Plaintiffs can prepare any written response within 7 calendar days' notice.

- An extension in the fact discovery deadline sufficient to permit meaningful discovery after the Court resolves the pending disputes. With a month left, there is simply no time under the current schedule for PNY to make a serious document production and

for Plaintiffs to then take depositions using those documents. Plaintiffs cannot give an exact date because they do not know when the Court will rule on their status report. Plaintiffs will likely need another four months after the Court rules.

Plaintiffs thank the Court for its consideration.

Date: August 3, 2023                                    Respectfully submitted,


/s/ William F. Cash III
William F. Cash III (Ill. Bar No. 6330856)
Matthew D. Schultz (admitted *pro hac vice*)
K. Scott Warrick
**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR, & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
Email: bcash@levinlaw.com

Greg Blankinship (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
1 North Broadway
White Plains, NY 10601
Phone: 914-298-3290
Email: dblankinship@fbfglaw.com
Email: bsilverman@fbfglaw.com

*Attorneys for Plaintiffs*

10