**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CASSANDRA GESKE,**<br>on behalf of herself and<br>all others similarly situated,<br>Plaintiffs, | |
| Plaintiffs, | No. 1:19-cv-5170-SCS<br>Hon. Steven C. Seeger |
| *v.* | |
| **PNY TECHNOLOGIES, INC.**, | |
| Defendant. | |
| **DJAKARTA JACOBS**, | |
| Plaintiff, | |
| *v.* | No. 1:21-cv-3354-SCS<br>Hon. Steven C. Seeger |
| **PNY TECHNOLOGIES, INC.**, | |
| Defendant. | |

**DEFENDANT'S RESPONSES TO PLAINTIFFS' INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant PNY

Technologies, Inc. ("Defendant") serves written responses to Plaintiffs Cassandra Geske and

Djakarta Jacobs's ("Plaintiffs") first set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

In making these responses, Defendant does not concede the relevance or materiality of any

of the interrogatories propounded by Plaintiffs. Defendant also does not concede the relevance or

materiality of any of the subjects to which those interrogatories refer or relate. Defendant's

objections and responses are made without waiver of any objections as to competence, relevance,

materiality, or admissibility as evidence, for any purpose, of any response to the interrogatories,

and without waiver of Defendant's right to object on any grounds to the use of these objections and responses at any trial or hearing. No incidental or implied admissions of any kind are intended by the objections and responses herein. The fact that Defendant objects to or responds to any interrogatory should not be taken as an admission that Defendant accepts or admits the existence of any facts assumed by such interrogatory, nor should such a response be taken to constitute admissible evidence as to any such assumed facts. The fact that Defendant responds to part of or all of any interrogatories is not intended to be, and shall not be construed as, a waiver by Defendant of any part of any objection to any request.

## **GENERAL OBJECTIONS**

The following General Objections apply to each of Plaintiffs' Interrogatories and are incorporated by reference as may be applicable into each response made herein. The Specific Objections identified for the Interrogatories further identify additional objections specific to that Request. These objections are not waived, or in any way limited, by the Specific Objections. The assertion of the same, similar, or additional objections or the provision of partial answers in the individual responses to these Interrogatories does not waive any of the objections set forth below. Defendant's agreement to provide any responsive and non-privileged information or documents in response to the Interrogatories shall not be construed as a waiver of any rights or objections to the Interrogatories or other discovery procedures. The production of any information or documents by Defendant shall be without prejudice to any objections Defendant may have as to the relevance or admissibility of any information or document at any hearing or trial.

1. **Defendant's Confidential-Information and Trade Secrets Objection**: Defendant objects to the interrogatories to the extent they seek Defendant's confidential or proprietary information, trade secrets, research, development, commercial information, and/or any

other competitively sensitive information. Defendant will produce information as governed by the protective order, once stipulated and entered.

2.     **Relevance-and-Proportionality Objection**: Defendant objects to the Interrogatories on the grounds that they seek information that is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Identification of any information in a response does not constitute an admission by Defendant that such information is relevant or material to the action. To the extent the Interrogatories are targeted at products the named Plaintiffs did not purchase and for which Plaintiffs do not have standing to sue, they are not relevant to any adequately pleaded claim or any defense raised in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.

3.     **Privilege Objection**: Defendant objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, the joint-defense privilege, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant hereby claims any such applicable privileges. Defendant will not provide any information protected by any such privileges or immunities. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity recognized by law.

4.     **Specialized-Expertise Objection**: Defendant objects to the Interrogatories as premature to the extent they seek responses that call for specialized expert material and opinion.

5.     **Possession-Custody-or-Control Objection**: Defendant objects to the Interrogatories to the extent they seek information not within Defendant's possession, custody, or control as those terms are interpreted under the Federal Rules of Civil Procedure.

6.     **Third-Party-Confidential-Information Objection**: Defendant objects to the Interrogatories to the extent they seek confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and nondisclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to the Interrogatories to the extent they require the disclosure of information that would infringe upon the legitimate privacy rights of current or former employees, officers, or directors of Defendant, current or former affiliates, related companies, suppliers, subsidiaries, or other individuals, to the extent such privacy rights and expectations are protected by law, contract, or public policy. Defendant also objects to the Interrogatories to the extent they seek third-party supplier or other information, disclosure of which would constitute an invasion of the privacy rights of those suppliers and other individuals and disclosure of which would require those individuals to be notified in advance. Defendant will not produce any information protected by a third party's right of privacy in the absence of the written consent of the party whose privacy rights are at stake and unless and until the appropriate procedure required by law is followed.

7.     **Relevant-Time-Period Objection:** Defendant objects to these Interrogatories to the extent that they do not provide a timeframe to limit the scope of the requests. While purporting to limit the interrogatories to Power Bank "models put out on or after January 1, 2018," the requests seek information that is "older than January 1, 2018," providing, as an example, information from 2015.  This is overboard to the extent it seeks information that is outside the statute of limitations,

as well as information up to the present, which is after this action was initiated. Defendant will not search for or provide any information in its responses which is older than January 1, 2018.

8.     **Reservation of Rights**: Defendant makes these responses to the best of its current knowledge, information, and belief. Defendant reserves the right to produce and rely upon evidence, facts, documents, and information that has not yet been discovered, or the relevance of which has not yet been determined. Defendant also reserves the right to supplement or amend its responses to Plaintiffs' requests as discovery on the case develops. Defendant preserves all objections to the admissibility and relevance of any documents produced in response to these requests.

## OBJECTIONS TO DEFINITIONS

1.     **Objection to Definition of "POWER BANK"**: Defendant objects to the definition of "**power bank**" as overbroad, improper, and not reasonably calculated to lead to the discovery of admissible evidence, because Defendant has never sold any product with that phrase on its packaging, and because the definition "include[s] competitor's models" and "the concept of a **power bank** in the abstract." This expansive definition places an undue burden on Defendant, includes information beyond Defendant's custody or control, and is impermissibly vague by including the "abstract" "concept" of the thing defined.

2.     **Objection to Definition of "CHARGING STATEMENTS"**: Defendant objects to the definition of "**charging statements**" as overbroad, improper, and not reasonably calculated to lead to the discovery of admissible evidence, given that the definition encompasses "any representation, made anywhere by PNY." Defendant also objects to the definition's use of "representation", which is an undefined term with legal import, and the definition's incorporation of the broadly defined term "**power banks**." The definition also places an undue burden on

5

Defendant by, for example, including "all statements concerning performance" of "**power banks**" regardless of when, where, and to whom those statements were made.

3.      **Objection to Definition of "OUTPUT ENERGY"**: Defendant objects to the definition of "**output energy**" as vague, improper, and not reasonably calculated to lead to the discovery of admissible evidence, given that the definition uses ambiguous terms and metrics. The definition incorporates the impermissibly vague and broad term "**power bank**", and it is predicated on a specialized and technical conclusion regarding how one measures "energy . . . that a portable electronic device *can withdraw* from a fully charged **power bank**." (emphasis added).

4.      **Objection to Definition of "STATED CAPACITY"**: Defendant objects to the definition of "**stated capacity**" as overbroad, improper, and not reasonably calculated to lead to the discovery of admissible evidence, given that the definition includes "any representation" that PNY made "concerning its power banks." Compounding these issues, "concerning" is not defined, this definition incorporates the already-expansive definition of "**power banks**," and the definition is not limited by an appropriate timeframe. This definition is also improper to the extent it calls for a legal conclusion regarding what "PNY represents is a measure of capacity," given that "represent" and "representation" are vague, undefined terms with legal import, as explained above.

5.      **Objection to Definition of "LABEL" and "LABELING"**: Defendant objects to the definitions of "**label**" and "**labeling**" as overbroad, improper, and not reasonably calculated to lead to the discovery of admissible evidence, given that the definition encompasses "matter—in any form . . . associated with a **power bank**." Compounding these issues, "associated with" is not defined, and this definition incorporates the already-expansive definition of "**power banks**." The definition places an undue burden on Defendant which is not proportional to the needs of the case

by requesting anything "created or distributed in any way by PNY," without limitation to the time frame or a nexus between those materials and consumers.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1.** Identify all **power banks** put out by PNY since January 1, 2018, including their: name, model number, SKU number, basic characteristics including **stated capacity** and **output energy**, and the first and last month in which the model was distributed to anyone by PNY.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Specifically, Defendant objects to this interrogatory as premature, vague, and improper insofar as it calls for a legal and technical conclusion and incorporates the terms "**power banks**", "**stated capacity**", and "**energy output**". Defendant also objects to this interrogatory on the basis that it is overbroad and vague because it requests the phrase "put out" is not defined, and it implicitly includes models that post-date Plaintiffs' purchases and this litigation, as well as models Plaintiffs did not personally purchase, meaning the interrogatory is not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to this interrogatory to the extent it seeks information reasonably available to Plaintiffs and/or already in Plaintiffs' possession, custody, or control. Defendant also objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant is willing to identify all PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, by examining Defendant's records. Defendant notes that answering this Interrogatory, as drafted, would require Defendant to engage in a burdensome and expensive search. If business records containing the answers to this Interrogatory exist and are reasonably accessible to Defendant, they will be produced in response to Plaintiffs' concurrently served Requests for Production of Documents and upon entry of a protective order and agreed up on ESI protocol. Defendant reserves the right to provide a supplemental response to this Interrogatory by identifying and/or otherwise specifying which sets or subsets of documents produced in response to Plaintiffs' First Set of Requests for Production of Documents are responsive to this Interrogatory.

**INTERROGATORY NO. 2.**  Identify any **power bank** that you described in interrogatory no. 1, which is *not* substantially similar to all other PNY power banks, with respect to either (1) basic internal design, (2) basis for making **charging statements**, or (3) the fact that output energy and stated capacity are different.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant also incorporates its objections and responses to interrogatory 1, to the extent it is incorporated by reference into this interrogatory. Defendant also objects to this interrogatory as premature, vague, and improper insofar as it calls for a legal and technical conclusion regarding which products are "substantially similar to all other PNY power banks." Defendant further objects that this interrogatory is impermissibly vague and overbroad

incorporates the terms "**power banks**" "**stated capacity**", and "**energy output**".  Defendant also objects to this interrogatory on the basis that it is overbroad and vague because there is no defined timeframe, and it includes models that Plaintiffs did not or could not personally purchase, meaning the interrogatory is not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to this interrogatory to the extent it seeks information reasonably available to Plaintiffs and/or already in Plaintiffs' possession, custody, or control. Defendant also objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant will not provide a response to this interrogatory, as it impermissibly calls for a legal conclusion regarding "substantial similarity." Defendant otherwise incorporates its response to

Interrogatory No. 1. Defendant reserves the right to supplement and revisit its response if this interrogatory is clarified or revised.

**INTERROGATORY NO. 3.** Please state the average retail price, if known, and the average wholesale price of each PNY **power bank**.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to this interrogatory as overbroad, vague, and improper insofar as it incorporates the does not include a timeframe, geographical area, or product line upon which to base an "average retail [or wholesale] price." Plaintiff also fails to define "average retail price" or "average wholesale Price." Defendant also objects that this interrogatory is overbroad and unduly burdensome to the extent it incorporates the term "**power bank**" and includes data from products the plaintiffs did not personally purchase and places they do not reside, meaning it is not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to this interrogatory to the extent it seeks information reasonably available to Plaintiffs and/or already in Plaintiffs' possession, custody, or control. Defendant also objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant is willing to identify the MSRP for all PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, by examining Defendant's records. Defendant notes that answering this Interrogatory, as drafted, would require Defendant to engage in a burdensome and expensive search. If business records containing the answers to this Interrogatory exist and are reasonably accessible to Defendant, they will be produced in response to Plaintiffs' concurrently served Requests for Production of Documents and upon entry of a protective order and agreed up on ESI protocol. Defendant reserves the right to provide a supplemental response to this Interrogatory by identifying and/or otherwise specifying which sets or subsets of documents produced in response to Plaintiffs' First Set of Requests for Production of Documents are responsive to this Interrogatory.

**INTERROGATORY NO. 4.**  Did PNY rely on any industry standards, industry trade association recommendations, competitors' trade practices, or similar factors outside of PNY, when PNY determined to publish any **power bank's stated capacity** in any **labeling** rather than its **output energy?** If so, state the name of the outside factor, the name of the PNY person relying on it, and the date of the reliance.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to these interrogatories as premature, vague, and improper insofar as calls for a technical and legal conclusion, and it assumes as a premise that "PNY determined to publish a[] **power bank's stated capacity** . . . rather than its **output energy**." Defendant further objects that these interrogatories are vague and overbroad because they use the undefined and expansive phrase "factors outside of PNY", and it incorporates the terms "**power**

bank", "**stated capacity**", "**labeling**", and "**output energy**". Plaintiffs also do not identify "industry standards," "industry trade association recommendations," or "competitors' trade practices." Defendant also objects to these interrogatories on the basis that they are overbroad because it does not specify a timeframe and includes products that plaintiffs did not personally purchase, meaning it is not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to these interrogatories to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to these interrogatories to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant responds that it will not respond to these interrogatories due to its objections to the premise and vagueness of these interrogatories.

**INTERROGATORY NO. 5.** Did PNY rely on any industry standards, industry trade association recommendations, competitors' trade practices, or similar factors outside of PNY, when PNY

determined to publish **charging statements** in any **labeling**? If so, state the name of the outside factor, the name of the PNY person relying on it, and the date of the reliance.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to these interrogatories as overbroad, vague, and improper insofar as it uses the undefined and expansive phrase "factors outside of PNY", and it incorporates the terms "**charging statements**" and "**labeling**". Plaintiffs also do not identify "industry standards," "industry trade association recommendations," or "competitors' trade practices." Defendant also objects to these interrogatories on the basis that they are overbroad because it does not specify a timeframe and it includes products that plaintiffs did not personally purchase, meaning it is unduly burdensome and not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to these interrogatories to the extent they seek confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to these interrogatories to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to these requests to the extent they seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant responds that it will not respond to these interrogatories due to its objections to the premise and vagueness of these interrogatories.

**INTERROGATORY NO. 6.** Has PNY, or any agent or contractor of PNY (e.g., market research firms, consultants), ever conducted a focus group, consumer survey, or other market research that elicited, analyzed, or reported on consumer understanding of, or confusion about **power bank stated capacity, output energy, charging statements,** or **labeling?** If so, identify the date and location of each, the name and address of the persons who took part, conducted or analyzed the events, and describe any documents prepared for, during or after each event, including any report or analysis.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to these interrogatories as overbroad, vague, and improper insofar as it seeks information related to work performed by "any agent or contractor of PNY" which PNY did not request, direct, or review. Defendant further objects that these interrogatories are vague and overbroad because they use the undefined and expansive phrase "market research", and it incorporates the terms "**power bank**", "**stated capacity**", "**labeling**", "**output energy**" and "**charging statements**". Defendant also objects to these interrogatories on the basis that they are overbroad because they seek information above and beyond the time period and products that are relevant to Plaintiffs' claims, meaning the interrogatory is unduly burdensome and not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to these interrogatories to the extent they seek confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to these interrogatories to the extent they seek information protected by the attorney-client privilege, the attorney work-

14

product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to these requests to the extent they seek to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant is willing to search for market research into consumers' understanding of statements on the packaging of PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, by examining Defendant's records. Defendant notes that answering this Interrogatory, as drafted, would require Defendant to engage in a burdensome and expensive search. If business records containing the answers to this Interrogatory exist and are reasonably accessible to Defendant, they will be produced in response to Plaintiffs' concurrently served Requests for Production of Documents and upon entry of a protective order and agreed up on ESI protocol. Defendant reserves the right to provide a supplemental response to this Interrogatory by identifying and/or otherwise specifying which sets or subsets of documents produced in response to Plaintiffs' First Set of Requests for Production of Documents are responsive to this Interrogatory.

**INTERROGATORY NO. 7.** Identify all industry standards, industry trade association recommendations, competitors' trade practices, or other factors PNY relies on in determining how to compute and describe **power banks' stated capacity**.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to this interrogatory as overbroad, vague, and improper

insofar as it uses the undefined and expansive phrase "other factors", and it incorporates the terms "**stated capacity**" and "**power banks**". Plaintiffs also do not identify "industry standards," "industry trade association recommendations," or "competitors' trade practices." Defendant further objects that this interrogatory is premature to the extent it calls for specialized expert materials and opinions. Defendant also objects to this interrogatory on the basis that it is overbroad because it does not specify a timeframe and it includes products that plaintiffs did not personally purchase, meaning it is unduly burdensome and not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant responds that it will not respond to these interrogatories due to its objections to the premise and vagueness of these interrogatories.

**INTERROGATORY NO. 8.** Ms. Geske's PNY model AD5200 bears the name "5200 PowerPack." Does 5200 have any meaning, such as **stated capacity**?

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to this interrogatory as vague and overbroad insofar as it calls for speculation as to "any meaning" anyone could impute on "5200", and it incorporates the term "**stated capacity**". Defendant further objects that this interrogatory is premature to the extent it calls for specialized expert materials and opinions. Defendant further objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant states that the packaging of Ms. Geske's model AD5200 speaks for itself.

**INTERROGATORY NO. 9.** With respect to each PNY **power bank**, where in the **labeling** does PNY disclose that **stated capacity**—such as 5200—reflects a theoretical maximum mAh capacity, not the actual **output energy** available to the consumer?

17

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to this interrogatory as overbroad, vague, and improper insofar as it uses the undefined and phrases "theoretical maximum mAh capacity" and "available to the consumer"; and it incorporates the terms "**stated capacity**", "**labeling**", "**output energy**", and "**power bank**". Defendant further objects that this interrogatory is premature to the extent it calls for specialized expert materials and opinions. Defendant also objects to this interrogatory on the basis that it is overbroad because it does not specify a timeframe and it includes products that plaintiffs did not personally purchase, meaning it is unduly burdensome and not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to this interrogatory to the extent it seeks information that is reasonably available to Plaintiffs and/or already in Plaintiffs' possession, custody, or control. Defendant further objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant states that the packaging of PNY PowerPacks speaks for itself.

**INTERROGATORY NO. 10.** With respect to each PNY **power bank**, where in the **labeling** does PNY tell consumers whether or how much of the **stated capacity** will be consumed by the **power bank** itself?

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to this interrogatory as overbroad, vague, and improper insofar as it uses the undefined and phrases "theoretical maximum mAh capacity" and "available to the consumer"; and it incorporates the terms "**stated capacity**", "**labeling**", "**output energy**", and "**power bank**". Defendant further objects that this interrogatory is premature to the extent it calls for specialized expert materials and opinions. Defendant also objects to this interrogatory on the basis that it is overbroad because it does not specify a timeframe and it includes products that plaintiffs did not personally purchase, meaning it is unduly burdensome and not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to this interrogatory to the extent it seeks information that is reasonably available to Plaintiffs and/or already in Plaintiffs' possession, custody, or control. Defendant further objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to

this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant states that the packaging of PNY PowerPacks speaks for itself.

**INTERROGATORY NO. 11.** With respect to each PNY **power bank**, where in the **labeling** does PNY disclose the **output energy**?

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to this interrogatory as overbroad, vague, and improper insofar as it incorporates the terms "**labeling**", "**output energy**", and "**power bank**". Defendant also objects to this interrogatory on the basis that it is overbroad because it does not specify a timeframe and it includes products that plaintiffs did not personally purchase, meaning it is unduly burdensome and not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects that this interrogatory is premature to the extent it calls for specialized expert materials and opinions. Defendant further objects to this interrogatory to the extent it seeks information that is reasonably available to Plaintiffs and/or already in Plaintiffs' possession, custody, or control. Defendant further objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to this

interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant states that the packaging of PNY PowerPacks speaks for itself.

**INTERROGATORY NO. 12.** Could a consumer compute, based on **charging statements** and/or **stated capacity** that PNY makes available to the consumer, what a **power bank's** true **output energy** is? How?

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to this interrogatory as premature, vague, and improper to the extent it calls for specialized expert materials and opinions, as well as a legal conclusion with respect to what the "true" **output energy** is. Defendant further objects to this interrogatory as vague and overbroad for incorporating the terms "**stated capacity**", "**labeling**", "**output energy**", and "**power bank**". Defendant also objects to this interrogatory on the basis that it is overbroad because it does not specify a timeframe and it includes products that plaintiffs did not personally purchase, meaning it is unduly burdensome and not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to this interrogatory to the extent it seeks information that is reasonably available to Plaintiffs and/or already in Plaintiffs' possession, custody, or control. Defendant also objects to this interrogatory to the extent that it

21

calls for speculation and/or information beyond Defendant's possession, custody, or control. Defendant further objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant states that the packaging of PNY PowerPacks speaks for itself. Defendant also states that asking whether "a consumer [could] compute" something impermissibly calls for speculation. Defendant reserves the right to supplement and revisit its response if this interrogatory is clarified or revised.

**INTERROGATORY NO. 13.** Could a consumer compute, based on any information on the **label**, what a **power bank**'s true **output energy** is? How?

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to this interrogatory as premature, vague, and improper

to the extent it calls for specialized expert materials and opinions, as well as a legal conclusion with respect to what the "true" **output energy** is. Defendant further objects to this interrogatory as vague and overbroad for incorporating the terms "**label**", "**output energy**", and "**power bank**". Defendant also objects to this interrogatory on the basis that it is overbroad because it does not specify a timeframe and it includes products that plaintiffs did not personally purchase, meaning it is unduly burdensome and not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to this interrogatory to the extent it seeks information that is reasonably available to Plaintiffs and/or already in Plaintiffs' possession, custody, or control. Defendant also objects to this interrogatory to the extent that it calls for speculation and/or information beyond Defendant's possession, custody, or control. Defendant further objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant states that the packaging of PNY PowerPacks speaks for itself. Defendant also states that asking whether "a consumer [could] compute" something impermissibly calls for speculation. Defendant reserves the right to supplement and revisit its response if this interrogatory is clarified or revised.

**INTERROGATORY NO. 14.** Did PNY, or an agent or contractor of PNY, ever test any power bank to determine its **output energy** or to support your **charging statements**? If so, state the date of the test, the names of all persons designing or running the test, the **power bank** tested, the consumer device (e.g., phone) charged or discharged used in the test, and the results.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to this interrogatory as vague, overbroad, and improper for incorporating the terms "**charging statements**", "**output energy**", and "**power bank**". Defendant also objects to this interrogatory on the basis that it is overbroad because it does not specify a timeframe and it includes products that plaintiffs did not personally purchase, meaning it is unduly burdensome and not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to this interrogatory to the extent it seeks information that is reasonably available to Plaintiffs and/or already in Plaintiffs' possession, custody, or control. Defendant also objects to this interrogatory to the extent that it calls for speculation and/or information beyond Defendant's possession, custody, or control. Defendant further objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to this interrogatory to the extent it seeks information protected

24

by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant is willing to search for information about "tests" relevant to PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, by examining Defendant's records. Defendant notes that answering this Interrogatory, as drafted, would require Defendant to engage in a burdensome and expensive search. If business records containing the answers to this Interrogatory exist and are reasonably accessible to Defendant, they will be produced in response to Plaintiffs' concurrently served Requests for Production of Documents and upon entry of a protective order and agreed up on ESI protocol. Defendant reserves the right to provide a supplemental response to this Interrogatory by identifying and/or otherwise specifying which sets or subsets of documents produced in response to Plaintiffs' First Set of Requests for Production of Documents are responsive to this Interrogatory.

**INTERROGATORY NO. 15.**  Which departments or offices inside PNY are responsible for the factual accuracy of **charging statements** and **stated capacity** on websites, packaging, labels and in advertisements (television, print and online)?

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to this interrogatory as vague and improper for incorporating the terms "**charging statements**" and "**stated capacity**". Defendant also objects to

this interrogatory on the basis that it is overbroad because it is not limited by time or place, and it includes products that plaintiffs did not personally purchase, meaning it is unduly burdensome and not "reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant is willing to search for organizational documents from the marketing division responsible for marketing relevant to PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, by examining Defendant's records. Defendant notes that answering this Interrogatory, as drafted, would require Defendant to engage in a burdensome and expensive search. If business records containing the answers to this Interrogatory exist and are reasonably accessible to Defendant, they will be produced in response

26

to Plaintiffs' concurrently served Requests for Production of Documents and upon entry of a protective order and agreed up on ESI protocol. Defendant reserves the right to provide a supplemental response to this Interrogatory by identifying and/or otherwise specifying which sets or subsets of documents produced in response to Plaintiffs' First Set of Requests for Production of Documents are responsive to this Interrogatory.

**INTERROGATORY NO. 16.** As to each **power bank,** describe all documents, including test results, industry standards, or other evidentiary support PNY relies on for the basis of its **charging statements** and **stated capacity**.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to this interrogatory as vague, overbroad, and improper for incorporating the terms "**charging statements**", "**stated capacity**", and "**power bank**". Defendant also objects to this interrogatory on the basis that it is overbroad and unduly burdensome because it requests a description of "all documents, including" "evidentiary support", without specifying a timeframe, or limiting it to the products that Plaintiffs personally purchased, meaning it is not "reasonably calculated to lead to the discovery of admissible evidence," on top of the burden. Defendant further objects to this interrogatory to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to

the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant directs Plaintiffs to the response for Interrogatory 14. Otherwise, to the extent Plaintiffs seek "all" "evidentiary support," Defendant notes that this Interrogatory is overly broad and unduly burdensome. *See Bradley v. Val-Mejias*, 2001 WL 1249339 at *4 (D. Kan., October 9, 2001) ("[C]ontention interrogatories are improper if they ask the responding party to provide each and every fact supporting the identified allegation.") (citing *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("To the extent [contention interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome."). Defendant's response under Rule 33(d) will therefore be limited to the **material and principal** facts that support the statements on the PowerPacks, without waiver of the ability to introduce additional and consistent facts at trial.

Dated: February 22, 2023      Respectfully submitted,

            By:  */s/ Ronald Y. Rothstein*
                 Ronald Y. Rothstein
                 **WINSTON & STRAWN LLP**
                 35 West Wacker Drive
                 Chicago, Illinois 60601
                 Tel.: (312) 558-5600
                 Fax: (312) 558-5700
                 RRothstein@winston.com

                 *Counsel for Defendant*
                 *PNY Technologies, Inc.*

## <u>VERIFICATION OF INTERROGATORY ANSWERS</u>

I, Gregory Devine, am Vice President and General Counsel at PNY Technologies, Inc. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct

Executed on February 22, 2023

_____
Gregory Devine

## CERTIFICATE OF SERVICE

I, Ronald Y. Rothstein, hereby certify that on February 22, 2023, or thereabouts, I caused a

copy of the foregoing document to be served on counsel of record for Plaintiffs in the above-

captioned action via e-mail:

William F. Cash III
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.
111 W. Washington St.
Suite 1240
Chicago, IL 60602
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: mschultz@levinlaw.com

Matthew D. Schultz
Brenton Jeremy Goodman
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street
Suite 600
Pensacola, FL 32502
Phone: 850-435-7170
Fax: 850-435-7020
Email: mschultz@levinlaw.com
Email: bgoodman@levinlaw.com

Todd S. Garber
Bradley F. Silverman
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP
1 North Broadway
White Plains, NY 10601
Phone: 914-298-3290
Email: tgarber@fbfglaw.com
bsilverman@fbfglaw.com

*/s/ Ronald Y. Rothstein*
Ronald Y. Rothstein