**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CASSANDRA GESKE,**<br>on behalf of herself and<br>all others similarly situated,<br>Plaintiffs, | |
| Plaintiffs, | No. 1:19-cv-5170-SCS<br>Hon. Steven C. Seeger |
| *v.* | |
| **PNY TECHNOLOGIES, INC.**, | |
| Defendant. | |
| **DJAKARTA JACOBS**, | |
| Plaintiff, | |
| *v.* | No. 1:21-cv-3354-SCS<br>Hon. Steven C. Seeger |
| **PNY TECHNOLOGIES, INC.**, | |
| Defendant. | |

**~~DEFENDANT~~DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant PNY Technologies, Inc. ("Defendant") serves written supplemental responses to Plaintiffs Cassandra Geske and Djakarta Jacobs's ("Plaintiffs") first set of Requests for Production as follows:

**PRELIMINARY STATEMENT**

In making these responses, Defendant does not concede the relevance or materiality of any of the requests propounded by Plaintiffs. Defendant also does not concede the relevance or materiality of any of the subjects to which those requests refer or relate. Defendant's objections and responses are made without waiver of any objections as to competence, relevance, materiality, or admissibility as evidence, for any purpose, of any response to the requests, and without waiver

of Defendant's right to object on any grounds to the use of these objections and responses at any trial or hearing. No incidental or implied admissions of any kind are intended by the objections and responses herein. The fact that Defendant objects to or responds to any request should not be taken as an admission that Defendant accepts or admits the existence of any facts assumed by such request, nor should such a response be taken to constitute admissible evidence as to any such assumed facts. The fact that Defendant responds to part of or all of any request is not intended to be, and shall not be construed as, a waiver by Defendant of any part of any objection to any request.

## **GENERAL OBJECTIONS**

The following General Objections apply to each of Plaintiffs' Requests for Production and are incorporated by reference as may be applicable into each response made herein. The Specific Objections identified for the Requests for Production further identify additional objections specific to that Request. These objections are not waived, or in any way limited, by the Specific Objections. The assertion of the same, similar, or additional objections or the provision of partial answers in the individual responses to these Requests for Production does not waive any of the objections set forth below. Defendant's agreement to provide any responsive and non-privileged information or documents in response to the Requests for Production shall not be construed as a waiver of any rights or objections to the Requests for Production or other discovery procedures. The production of any information or documents by Defendant shall be without prejudice to any objections Defendant may have as to the relevance or admissibility of any information or document at any hearing or trial.

1.     **Defendant's Confidential-Information and Trade Secrets Objection**: Defendant objects to the requests to the extent they seek Defendant's confidential or proprietary information, trade secrets, research, development, commercial information, and/or any other

2

competitively sensitive information. Defendant will produce information as governed by the protective order, and as governed by the parties' ESI Protocol once stipulated and entered.

2.     **Relevance-and-Proportionality Objection**: Defendant objects to the Requests for Production on the grounds that they seek information that is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Identification of any information in a response does not constitute an admission by Defendant that such information is relevant or material to the action. To the extent the Requests for Production are targeted at products the named Plaintiffs did not purchase and for which Plaintiffs do not have standing to sue, they are not relevant to any adequately pleaded claim or any defense raised in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.

3.     **Privilege Objection**: Defendant objects to the Requests for Production to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, the joint-defense privilege, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant hereby claims any such applicable privileges. Defendant will not provide any information protected by any such privileges or immunities. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity recognized by law.

4.     **Specialized-Expertise Objection**: Defendant objects to the Requests for Production as premature to the extent they seek responses that call for specialized expert material and opinion.

5.     **Possession-Custody-or-Control Objection**: Defendant objects to the Requests for Production to the extent they seek information not within Defendant's possession, custody, or control as those terms are interpreted under Rule 34 of the Federal Rules of Civil Procedure.

6.     **Third-Party-Confidential-Information Objection**: Defendant objects to the Requests for Production to the extent they seek confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and nondisclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to the Requests for Production to the extent they require the disclosure of information that would infringe upon the legitimate privacy rights of current or former employees, officers, or directors of Defendant, current or former affiliates, related companies, suppliers, subsidiaries, or other individuals, to the extent such privacy rights and expectations are protected by law, contract, or public policy. Defendant also objects to the Requests for Production to the extent they seek third-party supplier or other information, disclosure of which would constitute an invasion of the privacy rights of those suppliers and other individuals and disclosure of which would require those individuals to be notified in advance. Defendant will not produce any information protected by a third party's right of privacy in the absence of the written consent of the party whose privacy rights are at stake and unless and until the appropriate procedure required by law is followed.

7.      **Objection to Producing "All" Documents**: Defendant objects to the requests as overbroad to the extent they seek "all" documents in a particular category, including, but not limited to: (a) documents containing information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure; (b) documents containing third-party customer information, disclosure of which would constitute an invasion of the privacy rights of those customers and disclosure of which would require those customers to be notified in advance of any disclosure of such information; (c) documents containing Defendant's confidential or proprietary information, trade secrets, research, development, commercial information, and/or any other competitively sensitive information; and/or (d) documents containing confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party.

8.      **Relevant-Time-Period Objection:** Defendant objects to these Requests for Production to the extent that they do not provide a timeframe to limit the scope of the requests. While purporting to limit the requests to Power Bank "models put out on or after January 1, 2018," the requests seek documents that are "older than January 1, 2018," including, as an example, documents from 2015.  This is overbroad insofar as it seeks documents that are outside the statute of limitations, as well as documents up to the present, which is after this action was initiated. Defendant will not search for or produce any documents older than January 1, 2018.

9.      **Reservation of Rights**: Defendant makes these responses to the best of its current knowledge, information, and belief. Defendant reserves the right to produce and rely upon evidence, facts, documents, and information that has not yet been discovered, or the relevance of

which has not yet been determined. Defendant also reserves the right to supplement or amend its responses to Plaintiffs' requests as discovery on the case develops. Defendant preserves all objections to the admissibility and relevance of any documents produced in response to these requests.

## OBJECTIONS TO DEFINITIONS

1.      **Objection to Definition of "POWER BANK"**: Defendant objects to the definition of "**power bank**" as overbroad, improper, and not reasonably calculated to lead to the discovery of admissible evidence, because Defendant has never sold any product with that phrase on its packaging, and because the definition "include[s] competitor's models" and "the concept of a **power bank** in the abstract." This expansive definition places an undue burden on Defendant, includes information beyond Defendant's custody or control, and is impermissibly vague by including the "abstract" "concept" of the thing defined.

2.      **Objection to Definition of "CHARGING STATEMENTS"**: Defendant objects to the definition of "**charging statements**" as overbroad, improper, and not reasonably calculated to lead to the discovery of admissible evidence, given that the definition encompasses "any representation, made anywhere by PNY." Defendant also objects to the definition's use of "representation", which is an undefined term with legal import, and the definition's incorporation of the broadly defined term "**power banks**." The definition also places an undue burden on Defendant by, for example, including "all statements concerning performance" of "**power banks**" regardless of when, where, and to whom those statements were made.

3.      **Objection to Definition of "OUTPUT ENERGY"**: Defendant objects to the definition of "**output energy**" as vague, improper, and not reasonably calculated to lead to the discovery of admissible evidence, given that the definition uses ambiguous terms and metrics. The definition incorporates the impermissibly vague and broad term "**power bank**", and it is predicated

on a specialized and technical conclusion regarding how one measures "energy . . . that a portable electronic device *can withdraw* from a fully charged **power bank**." (emphasis added).

4. **Objection to Definition of "STATED CAPACITY"**: Defendant objects to the definition of "**stated capacity**" as overbroad, improper, and not reasonably calculated to lead to the discovery of admissible evidence, given that the definition includes "any representation" that PNY made "concerning its power banks." Compounding these issues, "concerning" is not defined, this definition incorporates the already-expansive definition of "**power banks**," and the definition is not limited by an appropriate timeframe. This definition is also improper to the extent it calls for a legal conclusion regarding what "PNY represents is a measure of capacity," given that "represent" and "representation" are vague, undefined terms with legal import, as explained above.

5. **Objection to Definition of "LABEL" and "LABELING"**: Defendant objects to the definitions of "**label**" and "**labeling**" as overbroad, improper, and not reasonably calculated to lead to the discovery of admissible evidence, given that the definition encompasses "matter—in any form . . . associated with a **power bank**." Compounding these issues, "associated with" is not defined, and this definition incorporates the already-expansive definition of "**power banks**." The definition places an undue burden on Defendant which is not proportional to the needs of the case by requesting anything "created or distributed in any way by PNY," without limitation to the time frame or a nexus between those materials and consumers.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** Organizational charts that identify the PNY departments and employees who have responsibility for labeling, marketing, designing, testing, and manufacturing of **power banks**.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set

forth herein. Defendant specifically objects to the use of the term "**power banks**" for the reasons discussed above. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules. Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Upon the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search for organizational charts that identify the PNY employees who worked on labeling, marketing, designing, testing, and manufacturing for the PNY PowerPacks sold by PNY from January 1, 2018,

to May 19, 2021, and, to the extent such documents exist, will produce responsive, non-privileged documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 2.**  Documents sufficient to establish the name, model number, SKU number, and product characteristics of all **power bank** models that have been put out by PNY since January 1, 2018

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant specifically objects to the use of the term "**power bank**" for the reasons discussed above. Defendant also objects to the phrase "put out" because it is vague, undefined, and facially overbroad. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third

party. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Upon the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search documents that identify the name, model number, and SKU number for the PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, and, to the extent such documents exist, will produce responsive, non-privileged documents on a rolling basis.

**FIRST SUPPLEMENTAL RESPONSE**

Defendant maintains all the objections above. Subject to and without waiver of the foregoing objections, Defendant responds as follows: See PNY_000004–PNY_000005; PNY_000019–PNY_000026; PNY_000029.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

**REQUEST FOR PRODUCTION NO. 3.** Design specifications and drawings, including parts lists, for each PNY **power bank.**

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the term "**power bank**" and the failure to specify a limiting timeframe for this request. Defendant also

objects to the phrase "design specifications and drawings," which is undefined, vague, and therefore overbroad. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Defendant also objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows:

Defendant is willing to meet and confer with Plaintiffs about the scope of this vague request, but Defendant will not search for or produce documents under this vague request, as drafted.

**FIRST SUPPLEMENTAL RESPONSE**

Defendant maintains all the objections above. Subject to and without waiver of the foregoing objections, Defendant responds as follows: See PNY_000004–PNY_000005; PNY_000019–PNY_000026.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

**REQUEST FOR PRODUCTION NO. 4.** All documents—including, but not limited to, test designs, test protocols, raw test data, test results, communications about tests or test results, communications about whether or not to perform tests, meeting agendas and minutes about tests, presentations / PowerPoints / reports about tests, and all billing or accounting documents—relating to actual or proposed tests of PNY **power banks**, where a variable measured in the test is anything related to **charging statements** or **output energy**.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the terms "**power bank**", "**output energy**", and "**charging statements**" and the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "all documents—including but not limited to," is vague and it imposes an undue burden on Defendant. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase

any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it

~~seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.~~

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Upon the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search for documents showing the testing of PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, and, to the extent such documents exist, will produce responsive, non-privileged documents on a rolling basis.

**FIRST SUPPLEMENTAL RESPONSE**

Defendant maintains all the objections above. Subject to and without waiver of the foregoing objections, Defendant responds as follows: See PNY_000001, PNY_000003, PNY_000015, PNY_000017, PNY_000027; PNY_000028.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

**REQUEST FOR PRODUCTION NO. 5.** All documents showing that PNY relied on any industry standards, trade association recommendations, competitors' trade practices, or similar factors outside of PNY, when PNY determined to publish **stated capacity** rather than **output energy** with respect to any **power bank**.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth

herein. For reasons discussed above, Defendant specifically objects to the use of the terms "**power bank**", "**output energy**", and "**stated capacity**" and the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "all documents" is vague and it imposes an undue burden on Defendant. Moreover, the phrases "PNY relied", "factors outside of PNY", and "PNY determined to publish" are vague, undefined, and overbroad. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties

over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs about the scope of this vague and overbroad request, but Defendant will not search for or produce documents under this vague, broad request, as drafted.

**REQUEST FOR PRODUCTION NO. 6.** Any document, including a communication, where PNY considered changing its **charging statements**, or the basis for those statements, even if the change was not actually made.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the term "**charging statements**" and the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "any document—including . . .," is vague and it imposes an undue burden on Defendant. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant

to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs about the scope of this vague request, but Defendant will not search for or produce documents under this vague request, as drafted.

**REQUEST FOR PRODUCTION NO. 7.** Any document, including a communication, where PNY considered changing its **stated capacity**, or the basis for representing that value to consumers, even if the change was not actually made.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set

17

forth herein. For reasons discussed above, Defendant specifically objects to the use of the term "**stated capacity**" and the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "any document, including . . .," is vague and it imposes an undue burden on Defendant. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs about the scope of this vague request, but Defendant will not search for or produce documents under this vague request, as drafted.

**REQUEST FOR PRODUCTION NO. 8.** All documents, including reports from focus groups, consumer surveys, or other market research, concerning consumers' understanding or confusion about **stated capacity** or **charging statements**, with respect to any PNY **power bank**.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the terms "**stated capacity**", "**charging statements**", and "**power bank**", as well as the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "all documents, including . . .," is vague and it imposes an undue burden on Defendant. Moreover, the phrase "concerning consumers' understanding or confusion" is undefined and vague, resulting in an undue burden on Defendant to comply with the request. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The

scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules. Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant

reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Upon the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search for documents showing focus groups, consumer surveys, or other market research for the labeling of PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, and, to the extent such documents exist, will produce responsive, non-privileged documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 9.** All documents, including reports from focus groups, consumer surveys, or other market research, concerning the value consumers place on **output energy** or **stated capacity**.

**RESPONSE**
Defendant incorporates its General Objections and Objections to Definitions as if fully set forth

herein. For reasons discussed above, Defendant specifically objects to the use of the terms "**stated capacity**" and "**output energy**", as well as the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "all documents, including . . .," is vague and it imposes an undue burden on Defendant. Moreover, the phrase "concerning the value consumers place on" is undefined and vague, resulting in an undue burden on Defendant to comply with the request. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to

this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Upon the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search for documents showing focus groups, consumer surveys, or other market research for the labeling of PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, and, to the extent such documents exist, will produce responsive, non-privileged documents on a rolling basis.

**FIRST SUPPLEMENTAL RESPONSE**

Defendant maintains all the objections above. Subject to and without waiver of the foregoing objections, Defendant responds as follows: See PNY_000001; PNY_000002; PNY_000016; PNY_000018.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

**REQUEST FOR PRODUCTION NO. 10.** All documents concerning consumer market research—including conjoint analyses or willingness-to-pay analyses—conducted by PNY or anyone on PNY's behalf, relating to PNY **power banks**, including—for each study or research project—documents concerning:

a.  proposals as to whether or how the study should be performed;

b.  meeting agendas and minutes pertaining to the study;

c.  study enrollment and participant demographics;

d.  study methodology including survey methods;

e.      surveys or other study instruments;

f.      raw data generated in connection with the study including raw survey data;

g.      interim and final study or survey results;

h.      study or survey reports or summaries;

i.      all analyses and presentations of data for each and every such study, including analyses and presentations relating to surveys or survey results/data;

j.      contracts or other agreements with any third-party to participate in or conduct the study; and

k.      documents reflecting any incentives, inducements, or other consideration provided to study participants.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the term "**power banks**" and the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "all documents concerning consumer market research—including . . .," is vague and it imposes an undue burden on Defendant because it contains no limitation. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of

the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Upon the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search for documents showing focus groups, consumer surveys, or other market research for the labeling of PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, and, to the extent such documents exist, will produce responsive, non-privileged documents on a rolling basis.

**FIRST SUPPLEMENTAL RESPONSE**

Defendant maintains all the objections above. Subject to and without waiver of the foregoing objections, Defendant responds as follows: See PNY_000001; PNY_000002; PNY_000016; PNY_000018.

24

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

**REQUEST FOR PRODUCTION NO. 11.** All **labeling**, for each PNY **power bank**, that include the **stated capacity** or **charging statements**. If changes were made to **labeling** during the marketing life of a **power bank**, provide each version of the **labeling**.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the terms "**stated capacity**", "**power bank**", "**labeling**", and "**charging statements**", as well as the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "all **labeling**," including "each version" imposes an undue burden on Defendant. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Moreover, to the extent Plaintiffs request the labeling of the Products they purchased, Defendant responds that such materials are already available to Plaintiffs. Defendant further objects to this request to the

extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Upon the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search for documents showing the labeling of PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, and, to the extent such documents exist, will produce responsive, non-privileged documents on a rolling basis.

## FIRST SUPPLEMENTAL RESPONSE

Defendant maintains all the objections above. Subject to and without waiver of the foregoing objections, Defendant responds as follows: See PNY_000006; PNY_000008; PNY_000009; PNY_000010; PNY_000012; PNY_000013; PNY_000014.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

**REQUEST FOR PRODUCTION NO. 12.** A copy of the **label** for each PNY **power bank**. If the **label** changed during the marketing life of a **power bank**, provide each version of the document.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the terms "**label**" and "**power bank**", as well as the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "the **label** for each PNY **power bank**," including "each version" imposes an undue burden on Defendant. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Moreover, to the extent Plaintiffs request the labeling of the Products they purchased, Defendant responds that such materials are already available to Plaintiffs. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality

27

and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Upon the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search for documents showing the labeling of PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, and, to the extent such documents exist, will produce responsive, non-privileged documents on a rolling basis.

**FIRST SUPPLEMENTAL RESPONSE**

Defendant maintains all the objections above. Subject to and without waiver of the foregoing objections, Defendant responds as follows: See PNY_000006; PNY_000007; PNY_000008; PNY_000009; PNY_000010; PNY_000011; PNY_000012; PNY_000013; PNY_000014.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

**REQUEST FOR PRODUCTION NO. 13.** A clear photo or document showing what is printed on each iteration of each PNY **power bank** label as each appeared in the marketplace.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the terms "**label**" and "**power bank**", as well as the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "each PNY **power bank label**," including "each iteration" imposes an undue burden on Defendant. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Moreover, to the extent Plaintiffs request the labeling of the Products they purchased, Defendant responds that such materials are already available to Plaintiffs. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or

permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Upon the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search for documents showing the labeling of PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, and, to the extent such documents exist, will produce responsive, non-privileged documents on a rolling basis.

**FIRST SUPPLEMENTAL RESPONSE**

Defendant maintains all the objections above. Subject to and without waiver of the foregoing objections, Defendant responds as follows: See PNY_000006; PNY_000007; PNY_000008; PNY_000009; PNY_000010; PNY_000011; PNY_000012; PNY_000013; PNY_000014.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

**REQUEST FOR PRODUCTION NO. 14.** All complaints you have received from anyone concerning any **power bank's stated capacity, charging statements,** or **output energy**.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the terms "**stated capacity**", "**charging statements**", "**output energy**", and "**power bank**", as well as the failure to specify a limiting timeframe for this request. Defendant further objects to this request as

not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "All complaints [] received from anyone," imposes an undue burden on Defendant because "complaint" is not defined and there are no limiting factors. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant

reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs about the scope of this vague request, but Defendant will not search for or produce documents under this vague, broad request, as drafted.

**REQUEST FOR PRODUCTION NO. 15.** All litigation complaints filed against PNY anywhere in the world where the plaintiff's claim included an allegation that PNY's **labeling** of a **power bank**'s **stated capacity**, **charging statements**, or **output energy** is not fully accurate.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the terms "**stated capacity**", "**charging statements**", "**labeling**", "**output energy**", and "**power bank**", as well as the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "All complaints litigation complaints filed [] anywhere in the world," imposes an undue burden on Defendant because Plaintiffs only reside in Illinois and California, making claims filed elsewhere irrelevant. Moreover, most if not all of the documents requested are publicly available for Plaintiffs. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that

time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Any Compliant is publicly available and therefore equally available to Plaintiffs. Defendant will not search for or produce this information.

**REQUEST FOR PRODUCTION NO. 16.** All documents that describe or reflect PNY's response to each of the complaints in the previous document request. Include both internal communications and memos within PNY as well as any response communicated back to the complainant externally.

**RESPONSE**

Defendant incorporates its General Objections, its Objections to Definitions, and its objections to the prior requests referenced in this request, as if those objections are fully set forth herein. Defendant specifically objects to this request to the extent it seeks information protected by the

attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request as vague and overbroad for failing to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "All documents" which includes "internal communications", imposes an undue burden on Defendant and would not lead to the discovery of admissible evidence. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

34

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs about the scope of this vague request, but Defendant will not search for or produce documents under this vague, broad request, as drafted.

**REQUEST FOR PRODUCTION NO. 17.** All documents reflecting an inquiry from a government entity (e.g., Federal Trade Commission, state attorney general) concerning any PNY power bank **labeling** or regarding any **power bank's stated capacity, charging statements,** or **output energy.**

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the terms "**stated capacity**", "**charging statements**", "**output energy**", and "**power bank**", as well as the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "All complaints [] received from anyone," imposes an undue burden on Defendant because "complaint" is not defined and there are no limiting factors. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that

time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules. Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant

reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Upon the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search for documents showing inquiries from the FTC, the Federal Government, or State Attorneys General about the labeling of PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, and, to the extent such documents exist, will produce responsive, non-privileged documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 18.** Documents that would show monthly or quarterly sales volume, by units, of each **power bank** PNY has sold since January 1, 2018, and the income generated by those sales, for each of the states in the proposed class: AK, CA, CT, DE, DC, FL, HI, IL, ME. MA, MI, MO, NE, NH, NJ, NY, NC, OH, RI, VT, WA, and WI. Any documents created by a third party (including, but not limited to IRI and Nielsen) that shows sales or price data for any all **power bank** models.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the term "**power bank**" and the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, Plaintiffs only have standing to represent Illinois and California classes, thus, the request for sales data related to other states imposes an undue burden on Defendant and will not lead to the discovery of admissible evidence. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully

recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules. Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Upon the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search for documents showing annual sales data for each of the states in the proposed class for PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, and, to the extent such documents exist, will produce responsive, non-privileged documents on a rolling basis.

**FIRST SUPPLEMENTAL RESPONSE**

Defendant maintains all the objections above. Subject to and without waiver of the foregoing objections, Defendant responds as follows: See PNY_000029.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

**REQUEST FOR PRODUCTION NO. 19.** All financial statements, reports, summaries, graphs, tables, spreadsheets, analyses, and other finance documents relating to your sales and distribution of **power banks,** including, at a minimum, documents that alone or together will demonstrate the following since January 1, 2018, broken down by SKU or other similar product identifier:

    a.    total dollar sales revenue generated from **power banks**, broken down by distribution channel, including (i) wholesalers, (ii) distributors, (iii) brick-and-mortar retailers, and (iv) online retailers;

    b.    total dollar sales revenue generated from **power banks**, broken down by store (retailer or wholesaler), area, region, district, and state, broken down by distribution channel;

c.      total unit sales of **power banks**, broken down by store (retailer or wholesaler), area, region, district, and state, broken down by distribution channel;

d.      unit price;

e.      unit cost;

f.      cost of goods sold;

g.      profit margin;

h.      MSRP (PNY's suggested retail price); and

i.      average retail price collected by retailers.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the term "**power bank**" and the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "all financial statements . . . and other finance documents . . . including, at a minimum . . .," imposes an undue burden and creates a virtually unlimited universe of materials that could be responsive. Additionally, Plaintiffs only have standing to represent Illinois and California classes, thus, the request for financial data related to other states imposes an undue burden on Defendant and will not lead to the discovery of admissible evidence. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates

to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Upon the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search for documents showing annual sales data for each of the states in the proposed class for PNY PowerPacks sold by PNY from January 1, 2018, to May 19, 2021, and, to the extent such documents exist, will produce responsive, non-privileged documents on a rolling basis.

**FIRST SUPPLEMENTAL RESPONSE**

Defendant maintains all the objections above. Subject to and without waiver of the foregoing objections, Defendant responds as follows: See PNY_000029.

Defendant's discovery and investigation are ongoing and not yet complete, and its present

objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

**REQUEST FOR PRODUCTION NO. 20.** Documents sufficient to identify all retailers who sold PNY's **power banks** in the multi-state area in the proposed class, including their names, locations, and sales volume since January 1, 2018, broken down by model of each **power bank**.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the term "**power bank**" and the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Specifically, the request for documents related to "retailers" in a "multi-state area in the proposed class" imposes an undue burden given that Plaintiffs only have standing to represent Illinois and California classes, thus, the request for documents related to retailers in other states will not lead to the discovery of admissible evidence. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant

further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs about the scope of this vague request, but Defendant will not search for or produce documents under this vague request, as drafted.

**REQUEST FOR PRODUCTION NO. 21.** All documents you contend are relevant to either Plaintiff's suitability to serve as a class representative.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to

the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs about the scope of this vague request, but Defendant will not search for or produce documents under this vague request, as drafted.

**REQUEST FOR PRODUCTION NO. 22.** All documents in your possession that refer to lawsuits against competitors over their **power banks** and the representations made on their **labeling,** including PNY's own plans and positions relating to **charging statements** and **stated capacity**.

**RESPONSE**

Defendant incorporates its General Objections and Objections to Definitions as if fully set forth herein. For reasons discussed above, Defendant specifically objects to the use of the terms "**charging statements**", "**stated capacity**", "**labeling**", and "**power bank**", as well as the failure to specify a limiting timeframe for this request. Defendant further objects to this request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Specifically, the request for "all documents . . ., including . . ." imposes an undue burden and creates a virtually unlimited universe

of materials for Defendant to search, especially since lawsuits against PNY's competitors are publicly available. Defendant further objects to the request on the grounds that it is overbroad because Plaintiffs did not purchase any products other than those identified in their Complaints, and therefore this request is unduly burdensome, seeks information that is not relevant to any adequately pleaded claim or any defense raised in this action, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to products that Plaintiffs did not purchase. The scope of the products at issue in this suit will be determined by the Court. Until that time, Defendant's response will be limited to the products Plaintiffs personally purchased. Defendant will supplement its response if necessary. Defendant further objects to this request to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information, including sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party. Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant also objects to this request to the extent it seeks to impose duties over and above those required and/or permitted by the Federal Rules of Civil Procedure and/or the applicable local rules.

Defendant's discovery and investigation are ongoing and not yet complete, and its present objections and responses are based on information known to Defendant at this time. Defendant reserves the right to update and amend their responses as more information is obtained.

Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs about the scope of this vague request, but Defendant will not search for or produce documents under this vague request, as drafted.

Dated: ~~February 22~~June 12, 2023          Respectfully submitted,

By:    */s/ Ronald Y. Rothstein*
       Ronald Y. Rothstein
       **WINSTON & STRAWN LLP**
       35 West Wacker Drive
       Chicago, Illinois 60601
       Tel.: (312) 558-5600
       Fax: (312) 558-5700
       RRothstein@winston.com

       *Counsel for Defendant*
       *PNY Technologies, Inc.*

45

**CERTIFICATE OF SERVICE**

I, ~~Ronald Y. Rothstein~~Sean Suber, hereby certify that on ~~February 22~~June 12, 2023, or thereabouts, I caused a copy of the foregoing document to be served on counsel of record for Plaintiffs in the above- captioned action via e-mail:

William F. Cash III
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.
111 W. Washington St.
Suite 1240
Chicago, IL 60602
Phone: 850-435-7059
Fax: 850-435-7020
Email: bcash@levinlaw.com
Email: mschultz@levinlaw.com

Matthew D. Schultz
Brenton Jeremy Goodman
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street
Suite 600
Pensacola, FL 32502
Phone: 850-435-7170
Fax: 850-435-7020
Email: mschultz@levinlaw.com
Email: bgoodman@levinlaw.com

Todd S. Garber
Bradley F. Silverman
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP
1 North Broadway
White Plains, NY 10601
Phone: 914-298-3290
Email: tgarber@fbfglaw.com
bsilverman@fbfglaw.com

/s/ ~~Ronald Y. Rothstein~~Sean H. Suber
Ronald Y. Rothstein