UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA GESKE, on behalf of herself and all others similarly situated, | ) ) ) ) ) | No. 19 CV 5170 |
| Plaintiff, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| PNY TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) ) ) | |
| DJAKARTA JACOBS, on behalf of herself and all others similarly situated, | ) ) ) ) | No. 21 CV 3354 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PNY TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) ) | August 7, 2023 |

**ORDER**

Before the court are Plaintiffs' issues with Defendant's responses to written discovery requests. In these two putative class action cases, Plaintiffs complain that they are victims of Defendant's deceptive marketing practice. Plaintiffs separately purchased a portable charger Defendant sold in February 2018 and they say they reasonably believed that the chargers would deliver the mAh (milliamphere-hours) strength advertised on the product packaging. However, Plaintiffs claim that independent testing of chargers identical to the ones they

purchased show the strength of the chargers to be significantly lower than the mAh advertised on the product packaging. Plaintiffs explain that this is because, unbeknownst to them, the chargers themselves use a significant portion of the mAh to execute the function of charging portable devices. Plaintiffs seek to represent consumers who purchased any portable chargers Defendant sold in Alaska, California, Connecticut, Delaware, the District of Columbia, Florida, Hawaii, Illinois, Maine, Massachusetts, Michigan, Missouri, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Rhode Island, Vermont, Washington, and Wisconsin, and to recover actual and punitive damages.

On March 5, 2023, the court issued a schedule for completing written discovery. (R. 81.) Then on May 3, 2023, the court granted the parties' motion for an extension of time and extended the deadline for filing their status reports identifying issues with the opposing side's discovery responses. (R. 85.) Both sides timely filed their status reports. This order addresses Plaintiffs' issues with Defendant's discovery responses.

In Plaintiffs' status report, recently amended on August 3, 2023, (R. 100), they complain that almost all of Defendant's responses to their interrogatories and requests for production of documents are wholly inadequate, mostly because Defendant has done nothing but set forth a laundry list of objections. Some concerns Plaintiffs included in their report are general concerns not tied to any specific discovery response and are devoid of any information connecting the discovery they seek to the claims and defenses at issue in this case. That said, the

2

court understands that Plaintiffs are displeased with Defendant's answers to their Interrogatory ("INT") Nos. 1-6 and 8-15 and Requests for Production ("RTP") Nos. 1-22. For the following reasons, Defendant is ordered to supplement its answers to INT Nos. 1-4, 6, 8-11, and 14 and RTP Nos. 4, 5, 8, 9, 11-19, 21, and 22:

A.   **Interrogatories**

| No. | Ruling |
|---|---|
| 1 | Defendant's objections are overruled. This is a straightforward INT about Defendant's line of portable chargers and does not seek any proprietary information. Defendant should be able to answer it easily. The court has no doubt that Defendant closely tracks its line of portable chargers and how each charger is performing in the market. The court disagrees with Defendant that Plaintiffs have access to this information. Even if they did, Defendant's answer to the INT has superior evidentiary value over any information Plaintiffs may possess. An answer to this INT is relevant because Plaintiffs need to assess the size of their putative class. Also, the court has already ruled that Plaintiffs have standing to bring this action on behalf of all consumers "who sustained a substantially similar injury." The nature of the injury Plaintiffs claim here is that Defendant deliberately shortchanged them. As such, all models of chargers Defendant sold (and sells) are relevant to these class cases. The temporal scope for this INT is from January 1, 2018, to the present and the geographical scope is limited to the 21 states and the District of Columbia included in Plaintiffs' class definitions. Alternatively, Defendant may concede that Plaintiffs meet Rule 23(a)(1), (2), and (3) criteria, obviate the need to answer this INT, and instead focus on the merits of Plaintiffs' claims of deceptive practice and damages they supposedly suffered. |
| 2 | Defendant's objections are overruled. This is another straightforward INT designed to investigate the potential size of the class. The thrust of the claim here is that Defendant made a choice to include the mAh information on the product packaging to entice consumers to purchase its products and pay the list price without explaining to them that a significant portion of the mAh advertised is required to operate the charger itself. For the chargers identified in response to INT No.1, Plaintiffs wish to learn whether Defendant deployed the same marketing practice as the practice deployed for the products Plaintiffs purchased. In other words, Defendant must identify the models that advertised the total mAh capacity on the packaging without informing consumers that the chargers themselves use a significant portion of the mAh advertised. |

3

| | |
|---|---|
| | This INT does not seek any privileged information or any proprietary information. |
| 3 | Defendant's objections are overruled.  However, for this INT, Defendant is ordered to provide the MSRP for all models of portable chargers sold in each state and the District of Columbia as of February 1, 2018, and identified in response to INT No. 2.  The court finds this limited information to be proportional to the needs of this case. |
| 4 | Defendant's objections are overruled.  This is another straightforward INT seeking to investigate whether Defendant relied on any standards promulgated by others outside the organization when deciding to include the total mAh capacity on the product packaging even though the chargers consume a substantial portion of the noted capacity.  This answer would be relevant to Defendant's motive behind its packaging decisions.  If the answer is "Yes," Defendant must specify the standards.  If not, Defendant should answer, "No." |
| 5 | Defendant's relevance objection is sustained.  Information Plaintiffs seek here is not related to the claims they allege and has no bearing on their theory that the product packaging amounted to deceptive advertising. |
| 6 | Defendant's objections are overruled.  This INT seeks information to investigate whether any consumer research motivated Defendant to include the amount of mAh on the product packaging.  For purposes of this INT, Defendant must answer for the period prior to February 1, 2018. |
| 8 | Defendant's objections are overruled, and its answer is not responsive.  Defendant made a deliberate decision to include "5200"—the charger's mAh capacity—in the name of the charger Plaintiff Geske purchased.  Defendant must answer if the "5200" means anything.  Regardless of whether packages can "speak for themselves," Defendant is still obligated to answer this INT. |
| 9-11 | Defendant's objections are overruled, and its answers are not responsive.  Either Defendant included specific information about what it means when it included the total mAh capacity on the product packaging or it did not.  Defendant is ordered to answer meaningfully.  Regardless of whether packages can "speak for themselves," Defendant is still obligated to answer these INTs.  When answering, Defendant must do so for the models identified in response to INT No. 2. |
| 12 & 13 | Defendant is not required to answer these INTs because Plaintiffs do not allege that Defendant misrepresented the specific mAh of output energy.  Rather, the theory of the case is that by including the total mAh capacity, Defendant deceived Plaintiffs on the amount of energy available for charging their portable devices.  As such, answers to these INTs are not relevant to the claims or defenses. |
| 14 | Defendant's objections are overruled.  Defendant is ordered to provide a meaningful answer or business records showing the tests it performed on |

4

| | |
|---|---|
| | the models of portable chargers identified in response No. 2 and whether those tests show the amount of power actually available for charging portable devices. |
| 15 | Defendant is not required to answer this INT. The court finds that this INT fails to seek relevant information because there are no allegations that Defendant's statements about the capacity of the portable chargers are false or inaccurate. The theory is that by withholding the fact that the chargers themselves use a substantial portion of the mAh shown on the packaging, Defendant deceived Plaintiffs about the actual amount of mAh available for charging their devices. |

B.    Requests for Production

| No. | Ruling |
|---|---|
| 1 | Defendant's proportionality objection is sustained. The court finds that organizational charts are of limited use in this case because Plaintiffs will not be able to determine with reasonable accuracy which individual employees possess the information most relevant to this case based on a chart, even if one exists. Plaintiffs are entitled to serve specific topics on Defendant pursuant to Rule 30(b)(6) and Defendant will be obligated to identify and prepare appropriate individuals to discuss the topics on behalf of Defendant and bind Defendant with their answers. |
| 2 | Defendant's proportionality objection is sustained. Given that the court orders Defendant to identify its line of portable chargers in response to INT No. 2, documents reflecting the same information are unnecessary. |
| 3 | Defendant's relevance objection is sustained. This case is about information withheld from the product packaging, not the internal design or components of the chargers themselves. |
| 4 | Defendant's scope objection is sustained. However, Defendant is ordered to produce pre-February 1, 2018 documents showing any tests performed to calculate the amount of mAh its portable chargers use and the amount available for charging portable devices. If tests were performed for each model of chargers identified in response to INT No. 2, Defendant must produce all tests for all models. Defendant may designate them appropriately as permitted under the confidentiality order. Alternatively, Defendant may stipulate that its line of portable chargers uses approximately 30-40% of the total mAh capacity when charging portable devices. |
| 5 | Defendant's objections are overruled. Defendant is ordered to produce the standards on which it relied, if any. |
| 6 & 7 | Defendant is not required to supplement its response to these requests because the court finds them to be improper. Plaintiffs' claims do not include allegations that Defendant made specific charging statements on the product packaging or that the capacity noted on the products is false. |

5

|  | |
|---|---|
|  | Instead, Plaintiffs argue that Defendant's marketing practice as it pertains to product packaging is deceptive because it excludes information that the chargers themselves use up a significant portion of the mAh referenced on the packaging. |
| 8 & 9 | Defendant is ordered to produce the documents related to its answer to INT No. 6 in response to these RTPs. |
| 10 | Defendant's scope objection is sustained. |
| 11-13 | Defendant's objections are overruled. Responsive documents or exemplars—especially if changes to the product packaging did take place—can be helpful to understand Defendant's motivation for including or excluding certain consumer-facing information. Defendant is ordered to produce either the drawings or photos or sample product packages (all versions if changes made) for all models identified in response to INT No. 2. |
| 14, 15 & 17 | Defendant's scope objection is sustained. However, the court orders Defendant to produce all domestic consumer complaints and government inquiries—raising the issues Plaintiffs raise here—it received from February 1, 2017, to the present. |
| 16 | Defendant's objections are overruled. However, Defendant is ordered to produce only the responses it sent to consumers and government agencies, for now. Plaintiffs may move the court for any non-privileged internal communications related to specific responses Defendant made. |
| 18 & 19 | Defendant's objections are overruled. Documents responsive to these requests are important to understand the potential size of the class and the price differential between the various models and relevant to the issue of punitive damages. As such, Defendant is ordered to produce—for the time period of January 1, 2018, to the present—the following documents pertaining to the models of chargers identified in response to INT No. 2 for each quarter reflecting: (a) the number of units sold; (b) MSRP for each unit; (c) gross quarterly revenue; and (d) net profit. Alternatively, Defendant is authorized to prepare and produce an Excel document including the relevant information instead of producing the underlying documents. |
| 20 | Defendant is not required to produce documents responsive to this request because they are not necessary at this stage in the litigation. Plaintiffs may move to seek documents responsive to this request if and when the court certifies a class. |
| 21 | Defendant's objections are overruled. Pursuant to Rule 23(a)(4), a plaintiff seeking to represent a class must show that she "will fairly and adequately protect the interests of the class." If Defendant has any documents—excluding privileged communications between Defendant and its attorneys—it views as demonstrating that Plaintiffs will not fairly and adequately represent the class, it must produce them. If not, Defendant should answer, "None." A negative response to this request |

| | |
|---|---|
| | will not bar Defendant from advancing legal arguments that Plaintiffs are not suitable class representatives. |
| 22 | Defendant's objections are overruled. However, the court limits the scope of this request and orders Defendant to produce only those documents already in its possession referring to lawsuits filed against its competitors in the portable charger market before February 1, 2018, involving claims similar to the claims Plaintiffs assert here. The level of knowledge Defendant had prior to February 1, 2018, about the potential confusion among consumers about the disconnect between the total mAh capacity and the actual amount of mAh available for charging may be relevant to the issue of punitive damages. |

## C.  Conclusion

For the foregoing reasons, Defendant is ordered to supplement its discovery responses to INT Nos. 1-4, 6, 8-11, and 14 and RTP Nos. 4, 5, 8, 9, 11-19, 21, and 22 as detailed herein.

                **ENTER:**

                _____
                **Young B. Kim**
                **United States Magistrate Judge**