UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA GESKE, on behalf of herself and all others similarly situated, | ) ) ) ) | No. 19 CV 5170 |
| Plaintiff, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| PNY TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) ) | |
| DJAKARTA JACOBS, on behalf of herself and all others similarly situated, | ) ) ) ) | No. 21 CV 3354 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PNY TECHNOLOGIES, INC., | ) ) | August 8, 2023 |
| Defendant. | ) ) | |

**ORDER**

Before the court are Defendant's issues with Plaintiffs' responses to written discovery requests. In these two putative class action cases, Plaintiffs complain that they are victims of Defendant's deceptive marketing practice. Plaintiffs separately purchased a portable charger Defendant sold in February 2018 and they say they reasonably believed that the chargers would deliver the mAh (milliamphere-hours) strength advertised on the product packaging. However, Plaintiffs claim that independent testing of chargers identical to the ones they

purchased show the strength of the chargers to be significantly lower than the mAh advertised on the product packaging. Plaintiffs explain that this is because, unbeknownst to them, the chargers themselves use a significant portion of the mAh to execute the function of charging portable devices. Plaintiffs seek to represent consumers who purchased any portable chargers Defendant sold in Alaska, California, Connecticut, Delaware, the District of Columbia, Florida, Hawaii, Illinois, Maine, Massachusetts, Michigan, Missouri, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Rhode Island, Vermont, Washington, and Wisconsin, and to recover actual and punitive damages.

On March 5, 2023, the court issued a schedule for completing written discovery. (R. 81.) Then on May 3, 2023, the court granted the parties' motion for an extension of time and extended the deadline for filing their status reports identifying issues with the opposing side's discovery responses. (R. 85.) Both sides timely filed their status reports. This order addresses Defendant's issues with Plaintiffs' discovery responses.

Defendant complains in its status report that Plaintiffs' responses to its Interrogatory ("INT") Nos. 3, 8 and 17 and Requests for Production ("RTP") Nos. 6, 22-24, 34, and 36 are inadequate. However, a closer review of the status report shows that Defendant's grievance is limited to Plaintiffs' alleged inadequate responses to the RTPs. For the following reasons, Plaintiffs are ordered to supplement their responses to RTP Nos. 6, 22-24, 34, and 36:

A.  Requests for Production

| No. | Ruling |
|---|---|
| 6 | Defendant is correct that Plaintiffs' response is incomplete. Although Plaintiffs say that they "Produced" the responsive documents, they did not produce any documents tending to show the reasons why they decided to hire an outside laboratory to perform tests on the portable chargers. Plaintiffs are ordered to either produce those documents or respond that they do not have documents in response to this RTP other than documents already produced. |
| 22-24 | Plaintiffs' objections are overruled. The documents Defendant seeks are relevant because Plaintiffs are seeking to represent a class of consumers from 21 states and the District of Columbia. Plaintiffs' suitability as class representatives is a factor they must satisfy and is an important issue in this case. As such, Defendant is entitled to gather as much information as it can about whatever arrangements Plaintiffs have with their attorneys for the sake of transparency. Plaintiffs are ordered to produce all responsive documents to these RTPs. |
| 34 | Plaintiffs' objections are sustained in part and overruled in part. The court finds that documents tending to show that they have sued in other class actions may be relevant to Plaintiffs' motivation for filing this lawsuit and whether they actually suffered any damages by purchasing the subject portable chargers. As ruled earlier on August 7, 2023, (R. 102), even if Defendant can perform a search of public documents, Plaintiffs' response to this RTP carries more evidentiary value than whatever Defendant can find from its own search. Plaintiffs are ordered to produce all complaints in which they were named as the putative class representative. |
| 36 | The court declines to presume that Plaintiff's attorney William Cash has not met his Rule 26(g) obligations to ensure that Plaintiff has exercised reasonable efforts to search for responsive documents. That said, Plaintiffs are required to direct their attorneys to search for and produce the internet advertisements they posted on the internet in 2019 as Plaintiffs have control over the attorneys. Defendant asserts that Plaintiffs' response "None," (R. 91-7 at 8, 16), to this RTP is inconsistent with their answer to INT No. 17. According to Plaintiffs' answer to INT No. 17, they say that they "learned about misrepresentation in the battery industry through Internet advertising and hired an attorney to investigate further." (R. 91-8 at 8, 14.) Whether there is any inconsistency here between the answer to INT No. 17 and this RTP depends on whether Plaintiff hired the attorney or attorneys identified in the internet advertisement. If she did, Defendant is correct that even if Plaintiffs do not have the internet advertisement, they can have their attorneys to search for and produce the advertisements they posted in |

|  | 2019. They must respond to this RTP after conferring with their attorneys and produce responsive documents or respond "None" again. |
|---|---|

### B. Subpoena on Eskra Technical Products, Inc.

Defendant raises a subpoena issue prophylactically in the status report. It takes the position that Plaintiffs cannot restrict Defendant from issuing a subpoena directed to Eskra Technical Products, Inc. ("Eskra") for documents related to these class actions. Plaintiffs apparently object to any subpoenas being issued to Eskra because they have designated Eskra as their consulting expert. This dispute, if one exists, is not properly before the court, and the court prefers not to enter an advisory ruling. A subpoena has not been issued and Plaintiffs have not filed a motion to quash the same. In order to properly tee up the issue, Defendant should first issue and serve the subpoena on Eskra and if Plaintiffs have concerns over the subpoena, the parties should confer and then Plaintiffs should file a motion to quash the subpoena if disputes remain. That said, when conferring, Plaintiffs should bear in mind that they themselves have essentially identified Eskra as a fact witness in their complaints. (R. 39 at 8; R. 91-8 at 3, 10.)

### C. Conclusion

For the foregoing reasons, Plaintiffs are ordered to supplement their discovery responses to Defendant's RTP Nos. 6, 22-24, 34, and 36 as detailed herein.

**ENTER:**

_____
Young B. Kim
United States Magistrate Judge

4